[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Plaintiff-appellant Brenda Hatton Utz appeals from a decision of the Montgomery County Court of Common Pleas, Domestic Division, overruling her objections to, and adopting, a magistrate's decision modifying the parties' visitation schedule so that visitation deviated from the Montgomery County Standard Order of Visitation. Utz contends that the court erred by granting additional visitation to defendant-appellee Robert Hatton. She also contends that the magistrate improperly considered her relocation to Columbus in determining whether to modify visitation. Utz further contends that the magistrate's finding that she imposed an "inflexible restrictive control of the children's access to their father" was not supported by the evidence, and that even if it was, it did not provide grounds for granting Hatton compensatory visitation. Finally, Utz contends that the magistrate should have been restricted to facts and events occurring prior to the December, 1996 dismissal of Hatton's motions for custody modification.
We conclude that the magistrate did not abuse its discretion by granting Hatton additional visitation over and above the standard visitation order given the circumstances of this case. We also conclude that the magistrate correctly considered Utz's relocation, as well as evidence of events occurring prior to December, 1996, in deciding to modify visitation. We further find that the magistrate did not award Hatton "compensatory" visitation as Utz argues. Finally, we conclude that the magistrate's finding that Utz restricted visitation was supported by the record.
Accordingly, the judgment of the trial court is Affirmed.
 I
Brenda Hatton (now Utz) and Robert Hatton were divorced in 1991. Utz was designated as residential parent of the parties' two minor children. Hatton was granted visitation with the children pursuant to the Montgomery County Standard Order of Visitation.
Over the course of several years, the parties filed numerous motions concerning custody, visitation and support. Of relevance to this appeal, Hatton filed a motion for shared parenting in 1994 and a motion for full custody in 1995. In January 1996, the parties agreed to enter into a shared parenting agreement; however, the agreement was never executed. Thereafter, Hatton's motion for shared parenting and full custody were dismissed by the trial court, in December, 1996, for failure to prosecute. Days later, Hatton filed another motion for change of custody. Utz had earlier filed a motion to modify visitation.
A hearing on the 1996 motion for change of custody and Utz's motion for visitation modification was held before a magistrate in August, 1997. Both parties presented their own testimony as well as the testimony of numerous witnesses. At the conclusion of the hearing, the magistrate found that Utz's relocation to Columbus from Xenia presented a change in circumstances permitting a review of the custody arrangement. However, after further review, the magistrate found that the "harm created by the proposed change of custody, is not outweighed by any advantages such a change might experience." Therefore, the motion for change of custody was denied. However, the magistrate found it appropriate to award Hatton, in addition to the visitation set forth in the standard visitation order, the following visitation rights:
 a. Weekends. Alternate weekends from Friday after school or 4:00 p.m., whichever is earlier, to Sunday at 7:00 p.m. * * *
 b. Holidays. [Hatton] shall have the children on Easter weekend, the Fourth of July, Memorial Day and Labor Day each and every year; Holiday visitation shall include the entire weekend, if it falls within the weekend and it shall include Monday if the holiday is on a Monday; * * * [Hatton] shall be entitled to the holiday weekend visitation in addition to his regular weekend visitation and may exercise such visitation even if it results in three (3) straight weekends of visitation.
 c. Mother's/Father's Day: On Mother's Day, the children shall be with [Utz] from 9:00 a.m. Sunday if it is defendant's weekend; on Father's Day, [Hatton] shall be entitled to pick-up the children at noon the Saturday immediately before Father's Day and shall return the children by 8:00 p.m. that Sunday evening. * * *
 d. Christmas: [Hatton] shall have the children from 4:00 p.m. the day school recesses to 2:00 p.m. Christmas Day in all even-numbered years; in all odd-numbered years, [Hatton] shall have the children from 2:00 Christmas Day to 8:00 p.m. the day before school reconvenes. * * *
 e. Birthdays: If the elder child's birthday (Robert) does not fall within the Christmas break, [Hatton] shall have Robert for his birthday in all even-numbered years.
 f. Spring Breaks: [Hatton] shall have the children for Spring Break from school from 4:00 p.m. the day school recesses to 8:00 p.m. the day before school reconvenes every year. * * *
 g. Summer Vacation: [Hatton] shall be entitled to seven (7) weeks (49 days) each summer to be taken in increments of no greater than two (2) weeks or less than one (1) week, unless otherwise agreed, and shall not be extended because other visitation days fall within the summer visitation weeks, e.g., weekend, Fourth of July, Father's Day. * * *
According to Utz, the modified visitation schedule awarded Hatton an "average" of 715 additional visitation hours, or approximately thirty days, above the standard visitation order; and approximately 340 hours above the proposed shared parenting agreement; an amount she describes as "extraordinary", "extreme", and "harsh."
Utz filed objections to the magistrate's decision. The trial court overruled her objections, and adopted the magistrate's decision. From this order, Utz appeals.
 II
Utz's First Assignment of Error states as follows:
 THE TRIAL COURT ERRED IN IMPOSING EXTREME TERMS OF WEEKEND, HOLIDAY AND SUMMER VISITATION ADVERSE TO THE MOTHER AND ADVERSE TO THE BEST INTEREST OF THE CHILDREN. THOSE HARSH PROVISIONS WERE NOT JUSTIFIED ON GROUNDS THAT APPELLANT HAD RELOCATED TO COLUMBUS.
Utz contends that the trial court erred by deviating from the standard visitation order and awarding extra visitation to Hatton. In support, she argues that the court's award of extra visitation was inequitable, and that the trial court incorrectly considered her relocation to Columbus when it considered whether to modify visitation.
In cases involving modification of visitation, the trial court must consider the best interests of the children. Bell v.Bell (June 5, 1998), Clark App. No. 97-CA-105, unreported. The trial court "has broad discretion in this regard so long as its orders are "`just and reasonable.'" Id., citation omitted. "We review such a decision for an abuse of discretion." Id. An abuse of discretion connotes a decision that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
We first address Utz's claim that the trial court should not have considered her relocation when determining appropriate visitation. In support, she contends that Hatton was equitably estopped from "pointing to [her] relocation * * * because [she] had substantially changed her of [sic] position in reliance on [Hatton's] false indications in open Court * * * that he had agreed to the shared parenting plan which had been stated by the Magistrate on the record in open court." She apparently contends that she would not have moved to Columbus had Hatton not agreed to a shared parenting plan.
The proposed shared parenting agreement has no bearing on this matter. The record shows that the parties did agree to enter into a shared parenting agreement, and that the basic provisions of the agreement were read into the record. However, the record also reveals that the parties never executed the agreement, because they were unable to agree on all the terms to be included within the agreement. The record does not, as Utz contends, support a finding that the failure to execute the agreement was solely Hatton's fault; in fact, a review of the record reveals that Utz testified that she was opposed to a shared parenting agreement. Furthermore, we cannot say that the relocation was based solely upon Utz's reliance on the assumption that an agreement would be entered. Utz testified that she had "no options" regarding the relocation; she testified that she had looked for other jobs, but was unable to find one, and that she felt that it was best to move with her company.
Regardless of whether Hatton and Utz had agreed to a shared parenting plan, Utz specifically requested the trial court to modify visitation based upon her planned move to Columbus. Pursuant to R.C. 3109.051(G), when a residential parent notifies the court of her intent to move to a residence other than the residence specified in the visitation order, the court may schedule a hearing to determine whether it is in the best interest of the children to revise the visitation schedule. Furthermore, in determining whether to revise the schedule, the trial court must consider all relevant factors, including the geographical location of the parents' residences. See R.C. 3109.051(D). Based upon the record before this court, we cannot say that the magistrate erred by considering Utz's relocation in determining whether to modify visitation.
We next turn to Utz's claim that the modification of visitation resulted in an inequitable award of extra visitation to Hatton. Apparently this argument is premised upon the idea that the magistrate awarded the extra visitation solely as an attempt to compensate Hatton for mid-week visitation he lost by reason of Utz's relocation. Utz argues that: (1) Hatton never exercised mid-week visitation prior to the relocation to Columbus, and thus, there was no need to compensate him for that visitation; and (2) that even if Hatton had exercised the mid-week visitation, the award by the magistrate far exceeded the amount of visitation lost by reason of the move.
We find this argument without merit. First, the record does not support a finding that Hatton failed to exercise his midweek visitation. To the contrary, it appears that he visited with the children as often as possible, including during the week; at least until visitation became a bone of contention between the parties. Second, although the magistrate's decision did note that "[d]ue to [Utz's] relocation, [Hatton] will not be able to attend all the children's extracurricular activities and his mid-week visitation is impractical," the visitation modification was not premised solely upon the impracticality of midweek visitation. Instead, it is clear that the magistrate considered the factors set forth in R.C. 3109.051(D) in determining whether to modify visitation, and specifically found that the modification was appropriate based upon the parties' geographical location [R.C. 3109.051(D)(2)], the parties' schedules [R.C. 3109.051(D)(3)], and the perceived unwillingness of Utz to reschedule missed visitation [R.C.3109.051(D)(10)]. We likewise find without merit the claim that the modified visitation permitted Hatton an inequitable amount of time with the children. As noted, this claim is based upon Utz's contention that the amount of extra visitation awarded far exceeds any time lost by reason of the move. She also claims that the amount of time awarded exceeds the time provided in both the standard order of visitation and the proposed shared parenting agreement. The amount of visitation awarded was not solely based upon the time lost. Therefore, we conclude that the magistrate did not err on this basis.
Likewise, the fact that the visitation exceeds the amount set in the standard visitation order is of no consequence in this case. A court has the discretion to deviate from its standard visitation order. R.C. 3109.051(F)(2). In deciding whether to deviate from the standard order, a court must consider the factors set out in R.C. 3109.051(D). Again, the magistrate stated that she had considered the relevant statutory factors in determining visitation. Therefore, since the magistrate found that the relevant factors supported a modification from the standard, we cannot say that the deviation was an abuse of discretion.
We note that although Utz contends that the modification is "adverse to the best interest of the children," she does not cite a single reason in support of this claim. On the other hand, the record shows that the children love their father, that they enjoy their visitation with him, and that they are benefitted by contact with both parents; facts that are not disputed. Utz also alleges that the modification is adverse to her interests — a claim that has no bearing on the best interests of the children. Again, she fails to specify how she has been harmed by the modification. Instead, she merely tallies up the additional visitation hours and refers to the modification as inequitable. Absent a showing that the modification was not in the best interest of the children, we cannot say that the magistrate's decision to provide Hatton with fifteen to thirty extra days of visitation every year over and above the standard order or the proposed parenting agreement constitutes an abuse of discretion.
Accordingly, Utz's First Assignment of Error is overruled.
 III
Utz's Second Assignment of Error is as follows:
 THE TRIAL COURT WRONGLY IMPOSED EXTREME TERMS OF WEEKEND, HOLIDAY AND SUMMER VISITATION ON GROUNDS THAT THE APPELLANT IMPOSED AN "INFLEXIBLE, RESTRICTIVE CONTROL OF THE CHILDREN'S ACCESS TO THEIR FATHER" WHICH FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND BEYOND THE STATUTORY GROUNDS FOR AN AWARD OF COMPENSATORY VISITATION.
Utz contends that the trial court erred by affirming the magistrate's decision. In support, she argues that the magistrate's finding that Utz had restricted visitation was not supported by the evidence. She also argues that, even were the finding correct, it does not constitute grounds for an award of compensatory visitation.
We begin with the issue of whether the magistrate's finding was supported by the evidence. According to the magistrate's decision, the evidence showed that Utz viewed "visitation as something she is entitled to control," and that she has "lost sight of the goal of visitation which is to provide access to both parents for the benefit of the children." We find that the record supports this finding. A review of the transcript reveals that Hatton's testimony is replete with recounted instances in which Utz attempted to control his visitation. While we recognize that this testimony may have been self-serving, we also recognize that "we must defer to the trial court in areas of witness credibility, since the trial court is in the best position to observe, demeanor, gestures, and voice inflection." Bell v. Bell, supra. Also, there is evidence in the record that Utz attempted, by letter, unilaterally to restrict Hatton's visitation and to provide him with less than the standard visitation order required. A review of the transcript also reveals that Utz did not deny that she was rigid about visitation in the past. Further, it is also clear from a reading of the transcript that Utz's concern that Hatton not be given more time with the children than the visitation orders require far outweighs her concern that her children enjoy access to both parents. Thus, based upon the record before us, we cannot say that the trial court's finding was not supported by the record.
We next turn to Utz's claim that the magistrate's finding that she restricted visitation does not qualify as a basis for an award of compensatory visitation. As stated above, we conclude that the magistrate's finding was supported by the evidence. Also, we conclude that R.C. 3109.051(K) permits a court to award "reasonable compensatory visitation" to any parent whose right of visitation is denied or is interfered with by another parent. Since we cannot discern a valid distinction between denial or interference with visitation and "restriction" of visitation, we conclude that Utz is incorrect in her assertion that the trial court's finding does not fall within the purview of the statute.
Furthermore, we note that a plain reading of the magistrate's decision does not provide support for Utz's claim that the purpose of the visitation schedule modification was to provide Hatton with compensatory visitation, pursuant to R.C. 3109.951(K). The magistrate did not express any intent to award compensatory visitation, and did not even make reference to the statute.
Instead, a review of the magistrate's decision indicates that the modification was made pursuant to R.C. 3109.051(A), which seeks to ensure "frequent and continuing contact" between parents and children. The magistrate was merely re-visiting the visitation issue, at Utz's invitation, to determine the best interests of the children in regard to visitation after the relocation. As previously stated, the record clearly indicates that the magistrate reviewed the relevant factors contained in R.C. 3109.051(D) in determining whether to modify visitation. The magistrate specifically found that the children wanted to see their father on a frequent and regular basis and that the extra visitation is in the best interest of the children. "The trial court's decision is presumed to be correct, and a reviewing court may only reverse a [visitation] decision upon a showing an abuse of discretion." Roach v. Roach (1992), 79 Ohio App.3d 194, 208.
Utz's Second Assignment of Error is overruled.
 IV
Utz's Third Assignment of Error alleges:
 THE TRIAL COURT REFUSED IN ITS PRE-HEARING ORDER OF 2-14-97 TO RESTRICT THE FACTS AND MATTERS SUPPORTING ANY CHANGED VISITATION TO THOSE THAT HAD TRANSPIRED AFTER THE TRIAL COURT ON 12-13-96 HAD DISMISSED THE EARLIER MOTIONS WITH PREJUDICE.
Utz contends that the magistrate erred by failing to limit the evidence introduced at hearing to matters occurring after December, 1996. In support, she argues that Hatton's earlier motions for shared parenting [filed in 1994] and full custody [filed in 1995] were dismissed by the court in December, 1996. She cites Civ. R. 41(B)(3) for the proposition that the dismissal operated as an adjudication of the merits of those motions. Therefore, she contends that any facts regarding custody and visitation should have been limited to matters occurring after the date of the dismissal. We disagree.
Civ. R. 41(B)(1) provides that a court may dismiss an action or claim when a plaintiff fails to prosecute. It is clear from the order of dismissal that the trial court dismissed Hatton's motion for failure to prosecute. Civ. R. 41(B)(3) provides that a dismissal pursuant to subsection (B)(1) acts as an adjudication upon the merits unless the court otherwise specifies. In this case, the trial court did not specify that the dismissal was not to operate as a dismissal on the merits.
In regard to the issue of custody, the record shows that Hatton's 1996 motion for custody was denied after the hearing, and Utz was permitted to retain the status of residential parent. Therefore, Utz cannot claim that she was prejudiced by any improper consideration of evidence.
We next address the issue of whether the trial court erred by considering post-1996 events in determining the visitation modification. As noted, the magistrate's decision turned upon her findings regarding the parties' geographical location, schedules and Utz's attitude toward visitation. Therefore, we must determine whether these findings were based upon facts occurring after 1996.
Obviously, the issue of the parties' schedules was based upon their current, rather than past schedules; schedules in existence as of the hearing date of August, 1997. Therefore, we cannot say that the magistrate reached this finding based upon improper evidence.
Since Utz moved to Columbus in the summer of 1996, it is clear that the move occurred prior to the dismissal of Hatton's claims. Even so, we cannot say that the trial court abused its discretion by considering the relocation. Utz filed the motion to modify visitation. The motion was predicated upon her relocation. Therefore, Utz cannot be heard to complain that the magistrate considered her geographical location; even if the relocation were considered in error, it is error that Utz invited.
Finally, we find that there is evidence in the record to support a finding that Utz's inflexible attitude toward visitation continued even after the 1996 dismissal. There are numerous cited instances in Hatton's testimony indicating that Utz continually raised problems with visitation that had to be resolved by the parties' attorneys. Also, in a 1997 letter from Utz to Hatton, submitted as an exhibit, Utz continued speaking of visitation in terms of fairness to her, rather than an issue of the children's best interest. In other words, she continued to be extremely agitated by the possibility that Hatton might somehow receive any visitation to which he was not absolutely entitled, no matter what the circumstances. Again, based upon the record before us, we cannot say that the magistrate abused her discretion in considering Utz's inflexible attitude toward visitation as it continued, one could argue, up to the very day of the hearing.
Furthermore, in regard to custody and visitation matters, we do not agree that it is proper to restrict a trial court's consideration of earlier events as rigidly as Utz suggests. To do so would require the courts to make decisions based upon artificially constructed time-lines. Taken to its most extreme, Utz's reasoning could have horrendous results. For example, assume that a father is granted custody of his minor child in 1998. The mother files a motion to modify custody in 1999, but the motion is dismissed by the trial court, in January, 2000, for failure to prosecute. In the meantime, the father is convicted of raping another child in 1999; the conviction aside, in all other respects, the father is an exemplary custodial parent. Under Utz's reasoning, the trial court would not be able to consider the conviction in a later custody hearing because it occurred prior to the date of the dismissal of the mother's motion.
The rule that a change of custody or visitation cannot be predicated upon facts and circumstances occurring prior to the date of the last hearing on that subject is intended to promote judicial economy by avoiding pointless relitigation of those issues. The rule should not be applied in an overly technical fashion. Furthermore, once a change of circumstances is shown justifying reconsideration of visitation or custody, the best interests of the children cannot be ascertained without any consideration of facts and circumstances predating the last hearing. For example, a father is convicted of molesting his child, and an order then goes on cutting off all visitation with that child. The father serves his time, is released, and shows signs of rehabilitation. The mother is convicted of possession of cocaine, a first offense, and receives a community control sanction. The father moves for a change of custody. Surely the trial court would be entitled to consider the father's previous history of molesting the child in determining the best interests of the child, even though that history preceded the last hearing on custody and visitation.
Utz's Third Assignment of Error is overruled.
 V
Utz's Assignments of Error having been overruled, the judgment of the trial court is Affirmed.
GRADY, P.J., and WOLFF, J., concur.